FILED
JAMES J. VILT, JR. - CLERK
JUN 09 2026
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**JON CHERRY**, on behalf of himself and others similarly situated,

Plaintiff,

v.

**LOGAN ALUMINUM INC.**
c/o CT Corporation System
306 West Main Street
Suite 512
Frankfort, Kentucky 40601

Defendant.

**CASE NO.** 1:26cv-106-GNS

**JUDGE**

**MAGISTRATE JUDGE**

**JURY DEMAND ENDORSED HEREON**

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Named Plaintiff Jon Cherry, individually and on behalf of others similarly situated, files his Collective Action Complaint against Defendant Logan Aluminum Inc. for its failure to pay its employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA") and the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010, *et seq*. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The KWHA claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C.

§ 1331 for violations of the FLSA.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Kentucky over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts significant business in this District, Defendant is registered to do business in the state of Kentucky, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## II. PARTIES

### A. Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of Kentucky.

5. Named Plaintiff worked for Defendant at its facility in Russellville, Kentucky, as an hourly, non-exempt employee as defined in the FLSA and the KWHA in the role of Operating Technician from March 2015 to August 2025.

6. At all relevant times, Named Plaintiff primarily performed non-exempt duties for Defendant in furtherance of its business of producing and distributing aluminum and aluminum products.

7. During his employment, Named Plaintiff worked 40 or more hours in one or more workweek(s).

8. Named Plaintiff brings this action on behalf of himself and other similarly situated employees and has given his written consent to bring this action to collect unpaid overtime

compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). *Consent to be Party Plaintiff* is attached hereto as **Exhibit A**.

**B. Opt-In Plaintiffs**

9. In addition to Named Plaintiff, other current and former employees of Defendant have completed consent forms to join this action, attached hereto as **Exhibit B**.

**C. Defendant**

10. Defendant is a foreign corporation that is registered to conduct business in Kentucky.

11. Defendant is a manufacturer and distributor of aluminum and aluminum products.[1]

12. Defendant currently operates a manufacturing facility in Russellville, Kentucky, that provides over 45% of the aluminum used in the North American can market, and where Defendant employs over 1300 individuals.[2]

13. At all relevant times, Defendant has been an "employer" as the FLSA and the KWHA define that term due to its employment of Named Plaintiff and those similarly situated as described herein.

14. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control employees' work schedules and conditions, determine the rate and method of employees' pay, and/or maintain employees' employment records.

15. At all relevant times, Defendant has determined the essential terms and conditions of employment for Named Plaintiff and similarly situated employees.

16. At all relevant times, Defendant has had control and authority over Named

[1] *Markets We Participate In*, LOGAN ALUMINUM, https://www.logan-aluminum.com/products-markets/ (last visited June 2, 2026).
[2] *History*, LOGAN ALUMINUM, https://www.logan-aluminum.com/careers/ (last visited June 2, 2026).

Plaintiff's and similarly situated employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and similarly situated employees.

17. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work performed by Named Plaintiff and similarly situated employees benefited Defendant and directly or indirectly furthered its interests.

18. Because the work performed by Named Plaintiff and all other similarly situated employees benefited Defendant and directly or indirectly furthered its interests, Defendant is the employer of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

19. Upon information and belief, Defendant applies or causes substantially the same employment policies, practices, and procedures to be applied to its employees at all of Defendant's locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

20. At all relevant times, Defendant, as a corporate entity producing and distributing aluminum and aluminum products, was an enterprise engaged in "commerce or in the production of goods for commerce" because it had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

21. At all relevant times, Defendant has had annual gross volumes of sales made, or business done, of not less than $500,000 each year.

22. Upon information and belief, at all relevant times, Defendant was fully aware that it was legally required to comply with the wage and overtime laws of the United States.

## III. FACTS

23. Named Plaintiff and other similarly situated production/manufacturing employees worked 40 or more hours in one or more workweek(s) during the three years immediately preceding the filing of this Complaint.

24. During their employment with Defendant, Named Plaintiff and other similarly situated production/manufacturing employees were involved in the production and distribution of aluminum and aluminum products. This type of work is considered high-hazard industrial work, with attendant safety risks including, but not limited to, crush, burn, impact, and laceration injuries. Due to these hazards, Defendant required Named Plaintiff and other similarly situated production/manufacturing employees to comply with strict safety protocols at work as a condition of performing their job duties.

25. During their employment with Defendant, Named Plaintiff and other similarly situated production/manufacturing employees were required to arrive at Defendant's facility before the scheduled start of their shifts to report to mandatory pre-shift meetings.

26. During these mandatory pre-shift meetings, Named Plaintiff and other similarly situated hourly production/manufacturing employees would discuss, among other things, (1) the status of the production and any work-related or safety issues or problems that arose during the prior shift and/or that might arise during the current shift, and/or (2) directions and instructions about work to be performed during the current shift.

27. These mandatory pre-shift meetings were integral and indispensable to Named Plaintiff's and other similarly situated production/manufacturing employees' job duties and were primarily for Defendant's benefit. Given the environment in which they work(ed), the mandatory pre-shift meetings were required to ensure the efficient and safe transition of

production/manufacturing duties from one shift to the next and were therefore inextricably intertwined with Named Plaintiff's and other similarly situated production/manufacturing employees' job duties. Named Plaintiff and other similarly situated production/manufacturing employees could not properly perform their work duties without participating in these mandatory pre-shift meetings.

28. At all relevant times, engaging in these pre-shift meetings was Named Plaintiff's and other similarly situated production/manufacturing employees' first principal activity of the day.

29. Before their shifts started, Named Plaintiff and other similarly situated production/manufacturing employees were also required to don personal protective equipment ("PPE") consisting of items including, but not limited to, a wool coat, face shield, hard hat, wool gloves, sheep skin gloves, SPATs, steel-toed boots, and other items. This PPE was stored at Defendant's facilities. Donning this PPE was integral and indispensable to Named Plaintiff's and other similarly situated production/manufacturing employees' job duties, was required by Defendant and/or by applicable safety and health laws and regulations, and was a precondition to safely or properly performing their work duties.

30. Defendant did not compensate Named Plaintiff and other similarly situated hourly production/manufacturing employees for the time they spent engaging in mandatory pre-shift meetings and for the time spent donning their PPE.

31. Accordingly, Defendant failed to compensate Named Plaintiff and other similarly situated hourly production/manufacturing employees for all hours worked, which resulted in overtime in weeks in which they worked 40 or more hours.

32. Defendant's policies described herein resulted in unpaid overtime for Named Plaintiff and other similarly situated production/manufacturing employees.

33. During relevant times, Defendant knew of and acted willfully regarding its conduct described herein. Defendant knew that Named Plaintiff and others similarly situated worked overtime without compensation for all such hours.

34. The FLSA requires Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

35. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. See 29 C.F.R. § 516.2.

36. Defendant failed to track, keep, and/or transmit the hours accurately worked each day by Named Plaintiff and other similarly situated production/manufacturing employees.

37. Defendant willfully transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which do not include all work performed. The incorrect and/or incomplete records had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated production/manufacturing employees.

38. Thus, Defendant willfully did not record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

39. Upon information and belief, Defendant applied these same policies to all its hourly, non-exempt production/manufacturing employees at all its locations.

40. As a result of Defendant's companywide policy and/or practice described herein, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated production/manufacturing employees for all overtime hours worked.

41. Defendant is in possession and control of the necessary documents and information from which Named Plaintiff would be able to calculate damages, and/or Defendant otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ALLEGATIONS

42. Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action for himself and all other similarly situated production/manufacturing employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt production/manufacturing employees at all of Defendant's locations who were paid for 40 or more hours of work in any workweek beginning three years before the filing date of this Complaint (hereinafter the "FLSA Collective" or "Potential FLSA Collective Members").**[3]

43. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

44. In addition to Named Plaintiff, the Potential FLSA Collective Members have been denied proper overtime compensation due to the companywide time and pay policies and/or practices described herein. Defendant failed to meet the minimum requirements of the FLSA by

[3] Named Plaintiff reserves the right to amend his definition of whom he seeks to send Court-authorized notice of this action to upon further investigation and discovery.

not paying Named Plaintiff and the Potential FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated production/manufacturing employees and is acting on behalf of their interests as well as his own in bringing this action.

45. The identities of the Potential FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may be readily notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the collective adjudication of their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

46. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the Potential FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the Potential FLSA Collective Members.

## V. <u>RULE 23 CLASS ALLEGATIONS</u>

48. Named Plaintiff brings his KWHA claims pursuant to Rule 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former hourly, non-exempt production/manufacturing employees of Defendant in Kentucky who were paid for at least forty (40) hours of work in any workweek beginning three (3) years prior to the filing date of this Complaint (hereinafter the "Kentucky Rule 23 Class" or "Kentucky Rule 23 Class Members").**

49. During relevant times, Named Plaintiff and those Kentucky Rule 23 Class Members worked at least 40 hours per workweek, but they were not correctly compensated for overtime wages for all hours worked in excess of 40 because of Defendant's policies and/or practices described herein.

50. The Kentucky Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff estimates that there are likely hundreds of putative Kentucky Rule 23 Class Members.

51. Named Plaintiff is a member of the Kentucky Rule 23 Class, and his claims for unpaid wages are typical of the claims of other members of the Kentucky Rule 23 Class. The Kentucky Rule 23 Class Members' claims do not arise from circumstances specific to the Named Plaintiff but from the common policies and practices described herein that apply to all class members.

52. Named Plaintiff will fairly and adequately represent the Kentucky Rule 23 Class and the interests of all members of the Kentucky Rule 23 Class.

53. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Kentucky Rule 23 Class that he has undertaken to represent.

54. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Kentucky Rule 23 Class.

55. Questions of law and fact are common to the Kentucky Rule 23 Class.

56. Class certification is appropriate under Rule 23(b)(3) because the questions of law and fact common to the Kentucky Rule 23 Class predominate over questions affecting individual members of the Kentucky Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

57. Questions of law and fact that are common to the Kentucky Rule 23 Class include but are not limited to: (a) whether Defendant violated the KWHA by failing to pay the Kentucky Rule 23 Class for hours worked in excess of 40 per workweek because of Defendant's pay policies and practices described herein; (b) whether Defendant's violations of the KWHA were knowing

and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Kentucky Rule 23 Class on account of Defendant's violations of the KWHA; and (d) what amount of prejudgment interest is due to the Kentucky Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

58. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Kentucky Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending litigation on behalf of the Kentucky Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

61. The FLSA requires that employees receive overtime compensation at a rate of 1.5 times their regular rate of pay for hours worked over 40 per workweek. 29 U.S.C. § 207(a)(1).

62. During the three years preceding the filing of the Complaint, Defendant employed Named Plaintiff and the Potential FLSA Collective Members.

63. Named Plaintiff and the Potential FLSA Collective Members regularly worked more than 40 hours in workweeks.

64. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them for overtime wages for all hours worked over 40 hours in a workweek because of Defendant's policies and/or practices described herein.

65. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

66. Named Plaintiff and the Potential FLSA Collective Members were not exempt from receiving FLSA overtime compensation.

67. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Potential FLSA Collective Members were entitled.

68. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the Potential FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

69. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the Potential FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, attorneys' fees, and all other remedies available on behalf of himself and the Potential FLSA Collective Members.

**COUNT II:**
**K.R.S. § 337.285 – RULE 23 CLASS ACTION FOR KWHA VIOLATION**

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. Named Plaintiff and the Kentucky Rule 23 Class Members were employed by Defendant.

72. During all relevant times, Defendant was an employer covered by the KWHA, and Named Plaintiff and the Kentucky Rule 23 Class Members have been employed by Defendant within the meaning of the KWHA.

73. The KWHA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. KRS 337.285.

74. By failing to pay Named Plaintiff and the Kentucky Rule 23 Class Members all overtime wages due to them, Defendant violated the KWHA.

75. In violating the KWHA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Kentucky law.

76. As a result of Defendant's willful violation, Named Plaintiff and the Kentucky Rule 23 Class Members are entitled to unpaid wages and liquidated damages.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, remuneration, timekeeping, and related records of the Potential FLSA Collective Members;

B. Directing Defendant to provide all contact information, including but not limited to names, dates of employment, mailing addresses, telephone numbers, and email addresses of the Potential FLSA Collective Members;

C. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Potential FLSA Collective Members, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

D. Certifying the proposed Kentucky Rule 23 Class under the KWHA.

E. Tolling the statute of limitations for all members of the FLSA Collective from the date on which this matter was initially filed until the date on which they file consent to join forms;

F. Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff, the FLSA Collective, and the Kentucky Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

G. Awarding to Named Plaintiff, the FLSA Collective, and the Kentucky Rule 23 Class, who join this case, unpaid overtime wages to be determined at trial, together with any liquidated damages allowed by the FLSA and the KWHA;

H. Awarding to Named Plaintiff, the FLSA Collective, and the Kentucky Rule 23 Class, who join this case, costs, disbursements, and reasonable allowances for fees of counsel and experts, as well as reimbursement of expenses;

I. Awarding to Named Plaintiff, the FLSA Collective, and the Kentucky Rule 23 Class who join this case, such other and further relief as the Court deems just and proper;

J. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering judgment against Defendant for all damages, relief, or any other recovery whatsoever.

**JURY DEMAND**

Named Plaintiff requests a trial by a jury of eight (8) persons.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (OH Bar # 0085586) (*pro hac vice* pending)
Shannon M. Draher (OH Bar # 0074304) (*pro hac vice* pending)
Adam C. Gedling (OH Bar # 0085256) (*pro hac vice* pending)
Tristan T. Akers (OH Bar # 0102298) (*pro hac vice* pending)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
sdraher@mcoffmanlegal.com
agedling@mcoffmanlegal.com
takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*